UNITED STATES of America,
Plaintiff—Appellee,

v.

Enrique Padilla OROPEZA,
Defendant—Appellant.

No. 02–50652.

D.C. No. CR–02–00036–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 2004.

Decided March 11, 2004.

Ronald L. Cheng, Esq., Fred A. Rowley, Jr., Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Robb C. Adkins, Esq., Todd T. Tristan, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Enrique Oropeza was arrested after his wife called the police claiming he had threatened her with a handgun. He pleaded guilty to possession of a firearm after having been convicted of a crime of domestic violence, reserving the right to appeal the denial of his suppression motion. On appeal, Oropeza argues that (1) the district court erred in finding that exigent circumstances justified the seizure of the shotgun, and (2) the district court erred in imposing alcohol abstention as a condition of his supervised release. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 3742. We do not recount the facts here except as necessary to our disposition in this case.

The district court found that Officer Van Meter's seizure of the shotgun in the Oropezas' closet was justified by exigent circumstances. "In reviewing decisions of the district court, we may affirm on any ground finding support in the record. If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir.1998) (internal quotation marks omitted). We affirm the denial of Oropeza's suppression motion on the grounds of the emergency doctrine.

"The emergency doctrine provides that if a police officer, while investigating within the scope necessary to respond to an emergency, discovers evidence of illegal activity, that evidence is admissible even if there was not probable cause to believe that such evidence would be found." *United States v. Cervantes*, 219 F.3d 882, 888 (9th Cir.2000). The emergency doctrine requires that:

> (1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.

*Id.* (quoting *People v. Mitchell*, 39 N.Y.2d 173, 383 N.Y.S.2d 246, 347 N.E.2d 607, 609 (1976)).

Those requirements are met here. First, Officer Van Meter reasonably believed there was an emergency at hand requiring the seizure of the shotgun. Given what Officer Van Meter had been told – especially that Oropeza had just threatened his wife with a gun shortly before Van Meter's arrival and Oropeza could be released on bond in as little as four hours – it was reasonable for Officer Van Meter to believe that temporary seizure of

---

the shotgun was necessary to protect Mrs. Oropeza and the Oropezas' children. Second, Officer Van Meter gave unrebutted testimony at the suppression hearing that his seizure of the gun was motivated by his concern for Mrs. Oropeza's safety, not by the desire to seize evidence or affect an arrest. Third, Van Meter had just been told by Oropeza that there was a gun in the closet, linking the area searched with the emergency at hand. The fact that Mrs. Oropeza's permission to search the closet was not specifically sought does not change our conclusion that the emergency doctrine justified the seizure of the gun. Van Meter correctly recognized the overriding public safety concern that exists for victims of domestic violence. In that connection, we note it was Mrs. Oropeza who summoned the police and invited the officer into her house.

Oropeza next argues that while he waived his right to appeal his "sentence," he did not waive the right to appeal the conditions of supervised release. This argument – that Oropeza's sentence does not encompass the supervised release conditions – is foreclosed by *United States v. Joyce*, 357 F.3d 921, 924 (9th Cir.2004). Furthermore, Oropeza's plea agreement expressly defined the "statutory maximum sentence" to include "a 3-year period of supervised release."

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Irma E. Gonzalez, United States District Judge for the District of Southern California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.