**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey Ray HARGIS, Defendant–
Appellant.**

No. 02–50611.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2005.

Decided Sept. 29, 2005.

David Mitchell, San Diego, CA, for Plaintiff–Appellee.

Mary A. Franklin, Esq., San Diego, CA, for Defendant–Appellant.

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

**652**

MEMORANDUM *

Jeffrey Ray Hargis pled guilty to importation of methamphetamine and was sentenced. He appeals his sentence.[1] We vacate and remand.

■ (1) Hargis asserts that he was, in effect, denied his right to respond to the government's Fed.R.Crim.P. 35(b) motion before the district court issued its order regarding that motion. On this record, we agree. The district court had stated that "there will be a hearing" on a Rule 35(b) motion, if one is filed. However, when one was filed, the district court did not set a hearing date, and, while Hargis did not respond, the local rules state that a response is not due until seven days before the hearing. *See* S.D. Cal.Crim. R. 47.1(c). Therefore, while we do not think it wise for a defendant to sit quietly in most instances, in this case Hargis should have been given the opportunity to respond and to have the promised hearing. Thus, we vacate the sentence and remand for that purpose.

■ (2) After Hargis was sentenced, the Supreme Court held that the Sentencing Guidelines are advisory, rather than mandatory. *See United States v. Booker,* 543 U.S. ——, ——, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). We therefore also remand so that the district court can determine whether it would make any additional changes in light of the fact that the Guidelines are no longer mandatory. *See United States v. Ameline,* 409 F.3d 1073,

1074–75 (9th Cir.2005) (en banc); *see also United States v. Moreno–Hernandez,* 419 F.3d 906, 915–16 (9th Cir.2005).

Sentence VACATED and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In his plea agreement, Hargis did waive his right to appeal. Ordinarily, that would deprive us of jurisdiction. *See United States v. Jeronimo,* 398 F.3d 1149, 1152–53 (9th Cir. 2005); *United States v. Joyce,* 357 F.3d 921, 925 (9th Cir.2004). Here, however, because the government did not present a recommen-

dation under USSG § 5K1.1, as it was required to do, it breached. *See United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir.2002) ("The government must determine *at sentencing* whether a defendant has provided substantial assistance up to that date to warrant a § 5K1.1 motion, and it cannot defer its decision to a later date." (emphasis added)). Thus, we can consider Hargis's sentencing claims. *See United States v. Gonzalez,* 16 F.3d 985, 989–90 (9th Cir.1993).