**Douglas Ray HICKS, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

No. 05–35035.

D.C. Nos. CV–04–06345–HO, CR–01–60034–01–HO.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2005.*

Decided Nov. 18, 2005.

Bryan E. Lessley, Office of the Federal Public Defender, Eugene, OR, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *See United States v. Joyce,* 357 F.3d 921 (9th Cir.2004), *cert denied,* 543 U.S. 915, 125 S.Ct. 90, 160 L.Ed.2d 197 (2004).

Sean Hoar, USEU—Office of the U.S. Attorney, Eugene, OR, for Respondent–Appellee.

Before FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

MEMORANDUM**

Paragraph 19 of Hicks's plea agreement states that he "waives any right to collaterally attack any matter in connection with this ... sentence except the ineffective assistance of counsel or retroactive amendments to the Sentencing Guidelines." This is a § 2255 collateral attack, Hick's direct appeal having been adjudicated adversely to him on the merits. His waiver of his right to collaterally attack, having been knowingly and voluntarily made, must be enforced.[1]

A counsel's representation is ineffective if his performance falls below an "objective standard of reasonableness" and his deficiencies were prejudicial to the defense.[2] Reasonableness is judged at the time of counsel's performance.[3] At the time of Hicks's plea and sentence, the settled law in this Circuit was that the *Apprendi*[4] rule did not apply to Sentencing Guideline en-

---

2. *Strickland v. Washington,* 466 U.S. 668, 688–689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Id.* at 689, 104 S.Ct. 2052.

4. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

hancements.[5] Hicks is arguing that his counsel was ineffective for failing to make an *Apprendi* argument that would have been futile, then and now. Counsel's conduct was not unreasonable.

**AFFIRMED.**

---

**5.** *See, e.g., United States v. Jordan,* 256 F.3d 922, 933–34 (9th Cir.2001) (holding that *Apprendi* only applies to enhancements that extend beyond the statutory maximum).

