**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus MOJICA–SEGURA, Defendant—Appellant.**

**No. 04–50545.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2006.*

Decided Feb. 14, 2006.

Michael J. Stern, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM **

Jesus Mojica–Segura appeals his 46–month sentence imposed after his guilty-plea conviction on one count of being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Mojica–Segura preserved his claim in the district court that his sentence violated *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when he challenged the constitutionality of the Sentencing Guidelines in his sentencing memorandum. *See United States v. Ameline*, 409 F.3d 1073, 1078 n. 1 (9th Cir.2005) (en banc). Accordingly, we vacate the sentence and remand for resentencing consistent with *Booker*. *United States v. Kortgaard*, 425 F.3d 602, 610–11 (9th Cir. 2005).[1]

**SENTENCE VACATED and RE-MANDED.**

---

**1.** We do not reach the issue of whether the district court erred in imposing a condition of supervised release that required Mojica–Segura to report to the Probation Office within 72 hours of any reentry into the United States because this condition is part of the now-vacated sentence. *See United States v. Joyce*, 357 F.3d 921, 924 (9th Cir.2004); 18 U.S.C. § 3583(a).