**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Troy Douglas BRIMM, Defendant–Appellant.**

**Nos. 08–10008, 08–10023.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 1, 2008.

RM 3654, Fresno, CA, for Plaintiff–Appellee.

Carolyn D. Phillips, Esq., Fresno, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Troy Douglas Brimm challenges the conditions of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss Appeal No. 08–10008 and affirm Appeal No. 08–10023.

We dismiss Appeal No. 08–10008, because Brimm validly waived his right to appeal any matter in connection with his prosecution and sentence, including the district court's imposition of special conditions of supervised release. *See United States v. Joyce,* 357 F.3d 921, 923–25 (9th Cir.2004).

■ With regard to Appeal No. 08–10023, we reject the government's contention that Brimm waived his right to appeal the conditions of his supervised release in his plea agreement because it is unclear whether his waiver of "any right to appeal his sentence" in the plea agreement includes challenging the conditions of his supervised release. We resolve this ambiguity in favor of the defendant, *see United States v. Franco–Lopez,* 312 F.3d 984, 989 (9th Cir.2002), and hold we have jurisdiction to entertain Brimm's appeal.

■ We also reject the government's contention that Brimm waived the right to appeal the conditions of his supervised release because he waited until after he violated the conditions before he challenged

them. *See United States v. Jeremiah,* 493 F.3d 1042, 1044, 1046 (9th Cir.2007) (finding jurisdiction to hear the appellant's challenges to the conditions of his supervised release during an appeal of the revocation of supervised release).

■ Brimm contends that the district court abused its discretion when it imposed a special condition of supervised release which forbid him from using a computer with access to any on-line services, except for use with his employment and after the approval of the probation officer, because the condition constitutes an unwarranted occupational restriction. The district court did not abuse its discretion because the condition does not interfere with Brimm's employment. *See United States v. Rearden,* 349 F.3d 608, 621–22 (9th Cir.2003).

We also reject Brimm's contention that the district court impermissibly delegated its authority to the probation office when it imposed the challenged condition. *Cf. id.* at 619 (recognizing that probation officers are mandated to enforce a sentencing court's terms and conditions of supervised release)

**Appeal No. 08–10008, DISMISSED.**

**Appeal No. 08–10023, AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.