**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30209 |
| Plaintiff - Appellee, | DC No. CR 10-013 RFC |
| v. | |
| OTIS TAYLOR YELLOW MULE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted April 12, 2011[**]
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Otis Taylor Yellow Mule appeals the condition of supervised release that he

shall not reside in or visit the town of Wyola, Montana, without advance written

permission from the United States Probation Office, imposed after his conviction

upon a plea of guilty for aiding and abetting robbery in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

§§ 1153(a), 2111, and 2.  We have jurisdiction under 28 U.S.C. § 1291.[1]  We review de novo the questions of whether the defendant has waived his right to appeal and whether the condition illegally exceeds the permissible statutory penalty.  United States v. Watson, 582 F.3d 974, 981 (9th Cir. 2009).

Defendant signed a plea agreement containing an appellate waiver that notes his right to appeal his sentence under 18 U.S.C. § 3742 and in which he agrees to waive "any and all right to directly appeal the sentence."  This unambiguously includes any right to appeal conditions of supervised release.  See United States v. Joyce, 357 F.3d 921, 923-24 (9th Cir. 2004) (finding agreement to waive "my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case," covers appeal of conditions of supervised release and concluding that the meaning of § 3742 is "crystal clear" that "a 'sentence' can include fines, periods of imprisonment and supervised release, and mandatory and special conditions of

---

[1]    The government's argument that Defendant's appellate waiver deprives us of jurisdiction is mistaken:

> Generally, appellate courts retain[ ] subject matter jurisdiction over [an] appeal by a defendant who has signed an appellate waiver. Absent some miscarriage of justice, however, we will not exercise that jurisdiction to review the merits of [an] appeal if we conclude that [the defendant] knowingly and voluntarily waived the right to bring the appeal.

United States v. Harris, 628 F.3d 1203, 1205 (9th Cir. 2011) (alterations in the original) (citations omitted) (internal quotation marks omitted).

supervised release"). However, "[a] waiver of the right to appeal does not bar a defendant from challenging an illegal sentence." Watson, 582 F.3d at 977.

In this case, the challenged condition of supervised release is not illegal. "An illegal sentence is one not authorized by the judgment of conviction or in excess of the permissible statutory penalty for the crime." United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005). Because of the defendant's extensive, violent criminal history, the failure of his previous court supervision to rehabilitate him, and his troubled relationship with his girlfriend and co-defendant, the record supports the district court's conclusion in this case, which is substantially the same as the court's conclusion in Watson that "the only way to prevent [the defendant] from returning to a life of further misconduct [i]s to force him to make a new life somewhere else." 582 F.3d at 983. In addition, as in Watson, the challenged condition of supervised release is not absolute, as the defendant may obtain permission from his probation officer to visit Wyola. See id. at 984.

Because the challenged condition is not illegal and the defendant does not argue that another exception to enforcement of the appellate waiver applies, see United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007), we dismiss this appeal.

**DISMISSED.**

3