**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10514 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00136-EJD-1 |
| v. | |
| JAMES TERRELL BOOKER, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and RESTANI, Judge.[**]

Booker appeals the district court's denial of an evidentiary hearing on his

request for a downward departure and his sentence following a guilty plea. We

have jurisdiction under 28 U.S.C. § 1291. Booker's plea agreement contains two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

waivers of appellate rights, the validity of which we review *de novo*. *See United States v. Joyce*, 357 F.3d 921, 923 (9th Cir. 2004).

The express language of the plea agreement, as well as the district court's plea colloquy, confirm that Booker's waivers were both knowing and voluntary. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). The district judge informed Booker that he was giving up his right to appeal the conviction, the judgment, and the court's orders. Booker knowingly and voluntarily exchanged his speculative appellate rights for the certainty of a set sentence and the dismissal of a charge. As such, the waivers are valid.

The waivers' language encompasses Booker's right to appeal on the grounds raised. *See Joyce*, 357 F.3d at 922. First, through the plea agreement's text, Booker waived his "right to appeal [his] convictions, the judgment, and orders of the Court." This waiver covers Booker's right to appeal the denial of his request for an evidentiary hearing, because that denial was an "order of the Court."

Second, the plea agreement stated that Booker "waive[d] any right [he] may have to appeal any aspect of [his] sentence." Booker claims his appeal is outside of this waiver's scope because an oral cooperation agreement arose after the plea

agreement.  This contention is not supported by the record.[1]   Booker also claims

his appeal is outside the waiver's scope because the alleged Government breach

occurred after the plea agreement.  This contention is irrelevant.  Booker did not

reserve his right to appeal his sentence based on the Government's future conduct.

He waived his right to appeal any aspect of his sentence and here attempts to

appeal an aspect of his sentence.

Because we lack jurisdiction to hear a waived appeal, *see Joyce*, 357 F.3d at

925, Booker's appeal is

**DISMISSED.**

---

[1]   The record establishes that the oral cooperation agreement on which
Booker relies pre-dates the plea agreement.  Booker attended his first proffer
session on April 22, 2009, and his testimony establishes that the oral cooperation
agreement existed on that date.  He executed his plea agreement on April 27, 2009,
and the plea agreement contained an integration clause that rendered unenforceable
any claimed oral or written agreements reached prior to its execution.