FILED

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50550 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00111-JVS |
| v. | |
| RASHAD BRANAGH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Rashad Branagh appeals from the district court's judgment and challenges

the 151-month sentence imposed following his guilty-plea conviction for bank

robbery, in violation of 18 U.S.C. § 2113(a).  We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Branagh contends that the district court abused its discretion by declining to vary downward from the advisory Guidelines range that applied to him as a career offender under U.S.S.G. § 4B1.1. The government contends that this appeal should be dismissed based on an appeal waiver. We review de novo whether to enforce an appeal waiver. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

Branagh waived the right to challenge "the term of imprisonment imposed by the Court," but he retained the right to challenge the district court's determination of whether he was a career offender. We dismiss this appeal because Branagh only challenges the term of imprisonment imposed by the district court and does not challenge the correctness of the district court's career offender determination. *See id.* ("A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made."). Moreover, contrary to Branagh's contention, the appeal waiver is unambiguous, and the record reflects that he knowingly and voluntarily entered into the waiver.

**DISMISSED.**