**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10058 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00153-APG-CWH-1 |
| v. | |
| IRENE LI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 15, 2015[**]
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Irene Li ("Li") appeals her guilty plea to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Li was born in China and her native language is Mandarin. She came to the United States in 1991, and has lived here continuously ever since.

Li's plea agreement contained an appeal waiver. We enforce an appellate waiver as long as two conditions are met: (1) "the language of the waiver encompasses [the] right to appeal on the grounds raised;" and (2) "the waiver was knowingly and voluntarily made." *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). Both of these conditions are met in Li's case. We lack jurisdiction to hear an appeal when there is a valid appellate waiver in the plea agreement. *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999). Accordingly, we must dismiss Li's appeal for lack of jurisdiction.

Li argues that her guilty plea was invalid and the waiver unenforceable principally because of interpretation problems. She claims (1) she was denied her Sixth Amendment right to counsel due to her inability to communicate with her lawyer; and (2) her plea was not voluntarily or knowingly entered because she did not understand her interpreter or understand how the American legal system worked.

Li has not demonstrated that she was unable to communicate with her lawyer despite the use of an interpreter. On the contrary, both Li and her lawyer responded to questioning from the district court by saying they were able to understand each other and communicate.

At the time of entering her plea, Li repeatedly affirmed that she understood the nature of the charges against her and understood the nature of the rights she was waiving. We afford a strong presumption of veracity to statements made by a defendant at a guilty plea hearing. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Thus, given her contemporaneous statements regarding her comprehension of the plea, Li has not demonstrated that her plea was involuntary or unknowing.

**DISMISSED**.