**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10028 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01508-DJH-1 |
| v. | MEMORANDUM* |
| ALFREDO GODOY-MACHUCA, AKA Alfredo Godoy, AKA Alfredo Machuca Gody, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 15, 2019
San Francisco, California

Before: MCKEOWN and GOULD, Circuit Judges, and LASNIK,** District Judge.

Alfredo Godoy-Machuca pleaded guilty to Reentry of Removed Alien

pursuant to 8 U.S.C. § 1326(a) before a Magistrate Judge on October 31, 2017. His

plea agreement contained a waiver of his right to appeal, but it was silent as to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

whether his federal sentence would run concurrent with or consecutive to a state-court sentence that he was serving at the time. On January 22, 2018, at the beginning of his sentencing hearing, the district court accepted his guilty plea. Godoy-Machuca was sentenced to 63 months to run consecutive to his state-court sentence. After the sentence was imposed, Godoy-Machuca attempted to withdraw his guilty plea, stating that his defense counsel had informed him that his sentences would run concurrently. The district court did not permit him to do so. Godoy-Machuca timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

"A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). Godoy-Machuca's purported misunderstanding (which he raised after the district court accepted the plea and imposed sentence) of a potential collateral consequence of his plea agreement (which expressly disavowed any promises not contained in writing) does not undermine the voluntary and knowing nature of the broad waiver of appeal. The waiver is valid, and we dismiss that aspect of the appeal.

Godoy-Machuca's claim of ineffective assistance of counsel challenges the voluntary and intelligent nature of his plea agreement. However, the record is not sufficiently developed to permit review and determination of that claim on direct appeal.[1] *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) (citing *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)).

**DISMISSED**.

---

[1] Our dismissal is without prejudice to Godoy-Machuca's right to raise his ineffective assistance of counsel claim on *habeas* review.