**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30148 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00062-BMM-1 |
| v. | |
| STEPHAN DUANE KOROL-LOCKE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted October 24, 2019[**]
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Waiver must be knowing and voluntary. *United States v. Jeronimo*, 398 F.3d 1149, 1152–53 (9th Cir. 2005) (citing *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). The record would support a finding that Korol-Locke's waiver

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was both, but in spite of that, we review his argument that a probation condition prevents privileged conversations with counsel. Even if Korol-Locke did not waive the right to appeal the denial of his motion to modify or clarify his probation condition, the ordered monitoring technique does not involve a greater deprivation of liberty than was reasonably necessary for the purposes set forth in 18 U.S.C § 3553(a)(2). *See* 18 U.S.C. § 3563(b); *see also United States v. Wong*, 687 Fed.App'x 593, 596 (9th Cir. 2017); *United States v. Cuneo*, 472 Fed.App'x 648, 649 (9th Cir. 2012). Nothing in the ordered monitoring technique violates a constitutional right or runs afoul of the Electronic Surveillance Act, 18 U.S.C. §§ 2510 *et seq.*

**AFFIRMED**.