NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff-Appellee,<br><br>  v.<br><br>CLAYTON EUGENE BUSKIRK, AKA Clayton Buskirk,<br><br>     Defendant-Appellant. | No.   18-30085<br><br>D.C. No.<br>2:16-cr-00136-SMJ-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted March 5, 2020[**]
Seattle, Washington

Before:  IKUTA and R. NELSON, Circuit Judges, and OLIVER,[***] District Judge.

Clayton Eugene Buskirk appeals his conviction and 121-month sentence, contending that his guilty plea was not knowingly and voluntarily entered. He asserts

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

that his plea agreement was illusory because he was misled by the government into believing that he qualified for safety valve. He also maintains that the government violated the terms of the plea agreement when it failed to recommend that he receive offense level reductions for acceptance of responsibility and safety valve, as required by the plea agreement, and argued specific offense characteristics in direct contravention of the plea agreement. Further, he argues that the district court erred when it denied him safety valve and acceptance of responsibility reductions. The government argues that Buskirk knowingly and voluntarily waived his right to this appeal when he entered a guilty plea pursuant to his plea agreement. We agree with the government, and find that Buskirk's waiver of his appellate rights is valid and enforceable. Accordingly, we dismiss this appeal.

We review *de novo* whether an appellant has waived his right to appeal, *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004), and whether a defendant's guilty plea was voluntary, *United States v. Forrester*, 616 F.3d 929, 934 (9th Cir. 2010). Generally, "[a] defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *Joyce*, 357 F.3d at 922 (citing *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)). However, a waiver will not be enforced if the government breaches the plea agreement, releasing the defendant from his appellate waiver. *See United States v. Gonzalez*, 16 F.3d 985,

990 (9th Cir. 1993). The Court reviews *de novo* a defendant's claim that the government breached its plea agreement. *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). However, when a defendant forfeits his claim by failing to make a timely objection, the Court reviews the defendant's claim for plain error. *Id.* (internal citations omitted). Because Buskirk raises his claim of breach for the first time on appeal, we review it for plain error.

Here, there is no dispute regarding the fact that the broad language of Buskirk's appellate waiver would preclude this appeal. Thus, the Court need only address whether Buskirk's guilty plea was knowingly and voluntarily made. An appellate waiver is knowingly and voluntarily made if the guilty plea as a whole was knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005). A guilty plea is involuntary if it is induced by threats or misrepresentation, including unfulfilled or unfulfillable promises. *See United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). In determining whether a defendant's waiver is knowing and voluntary, the Court looks "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *Baramdyka*, 95 F.3d at 843. In determining whether the government breached the plea agreement, the Court looks to "what was reasonably understood by the defendant when he entered his plea

18-30085

of guilty." *United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir. 1986) (internal citation and quotation marks omitted)).

The record reflects that Buskirk knowingly and voluntarily entered his plea of guilty. After thorough questioning during the Rule 11 colloquy, Buskirk, under oath, confirmed that he understood the terms of the plea agreement, including the appellate waiver, and affirmed that he was entering his guilty plea freely, knowingly, and voluntarily.

In addition, the record reflects that neither the government nor the terms of the plea agreement misled Buskirk into believing that he would actually receive a safety valve reduction. Further, contrary to Buskirk's assertion, the government did not breach the plea agreement because: the plea agreement did not require the government to recommend that he receive a safety valve reduction; the government fulfilled its promise to recommend that he receive a reduction for acceptance of responsibility; and the government did not argue specific offense characteristics to the district court, as he maintains. Moreover, Buskirk's plea agreement was not "illusory" because Buskirk might have qualified for a safety valve reduction had he provided the government with truthful and complete information before sentencing.

Accordingly, because Buskirk's guilty plea was knowingly and voluntarily made and the government did not breach the plea agreement, his appellate waiver is valid and enforceable.

18-30085

Therefore, we dismiss this appeal without reaching the merits of Buskirk's remaining arguments.

**DISMISSED.**