**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Scott Katsuki SHIMODA,**
**Defendant–Appellant.**

No. 02–10188.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2003.

Filed June 26, 2003.

Arthur E. Ross and Elizabeth A. Fisher, Honolulu, Hawaii, for the defendant-appellant.

Michael K. Kawahara, United States Attorney's Office, Honolulu, Hawaii, for the plaintiff-appellee.

Before LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## OPINION

LEAVY, Circuit Judge:

Scott Shimoda appeals the 42–month sentence imposed following his guilty plea conviction for conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The plea agreement contains a waiver of appeal, but Shimoda argues that his sentence falls within an exception to the waiver. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons stated below, we enforce the waiver of appeal and accordingly dismiss the appeal.

### Procedural Background

Shimoda agreed to pick up two packages from the Honolulu post office for a friend. The packages contained cocaine. Shimoda and his friend were arrested shortly thereafter.

Shimoda pleaded guilty to a single count of conspiracy to distribute and a single count of possession with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. The penalty under § 841(b)(1)(B)(ii) is a term of imprisonment of not less than five years and not more than 40 years.

Shimoda stipulated that the drug quantity in one parcel was 1,995.3 grams, and in the second parcel was 1,992.4 grams, for a total of 3,987.7 grams. He also agreed that his Base Offense Level was 30 calculated upon "3.5–5 KG of cocaine, see Guideline 3D1.1(c)(5)."

The plea agreement contained a waiver of the right to appeal which stated in pertinent part:

Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, *any sentence within the maximum provided in the statute(s) of conviction* or the manner in which that sentence was determined on any of the grounds set forth in [18 U.S.C.] Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

. . . .

b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

(emphasis added).

■ At sentencing, the district court started with a base offense level of 30, based upon the stipulated quantity of drugs (3,987.7 grams) and the defendant's criminal history category. The court deducted three levels for acceptance of responsibility, deducted two levels for minor participation, and granted the government's motion for downward departure of three levels based upon Shimoda's cooperation, thereby permitting the court to sentence below the five-year minimum. The court additionally departed downward one level, resulting in a final offense level of 21, which carried a sentencing range of 41 to 51 months—well below the five-year minimum. The court sentenced Shimoda to 42 months imprisonment, and Shimoda timely appealed.

## Standard of Review

Whether an appellant has waived his statutory right to appeal is a matter of law reviewed de novo. · *United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th Cir. 1990).

## Analysis

Shimoda waived the right to appeal "any sentence within the maximum provided in the statute(s) of conviction." Shimoda's conviction, with the stipulated drug quantity, 3,987.7 grams, exposed him to a statutory maximum term of 40 years in prison. 21 U.S.C. § 841(b)(1)(B). Shimoda makes two arguments on appeal. First, he contends that the "maximum provided in the statute(s) of conviction" includes the federal sentencing guidelines, as well as the statutory maximum term. Second, he contends that the district court should have calculated his sentencing based on the "500 grams" stated in the indictment (even though the indictment alleged "500 grams or more"). As a result, Shimoda argues that the district court exposed him to a greater sentence, which violates *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct.

2348, 147 L.Ed.2d 435 (2000). Neither of Shimoda's arguments have merit.

■ Shimoda argues that the federal sentencing guidelines are "statutes of conviction" because the guidelines were created by federal statute and the courts are under a statutory mandate under 18 U.S.C. § 3553(b) to apply the sentencing guidelines. He cites *United States v. R.L.C.*, 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992) in support of his proposition. However, we reject this argument because *R.L.C.* involved an analysis of a provision in the Juvenile Delinquency Act, 18 U.S.C. § 5037(c)(1)(B), which limited the length of detention of a juvenile to "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." *See R.L.C.*, 503 U.S. at 294, 112 S.Ct. 1329. *R.L.C.* does not support the proposition that a maximum sentence in federal criminal cases is that prescribed by the federal sentencing guidelines, and no court has so held.

Shimoda also cites a Second Circuit case, *United States v. Guevara*, 277 F.3d 111 (2d Cir.2001) for his proposition. In *Guevara*, the defendant was charged with conspiring to distribute and possess "one kilogram and more of mixtures and substances containing a detectable amount of heroin," in violation of 21 U.S.C. § 846. At trial, however, the court instructed the jury that they need only find that the co-conspirators agreed to distribute or possess *any quantity* of narcotics. At sentencing, the judge found by a preponderance of the evidence that one kilogram of heroin was involved in the conspiracy, triggering a mandatory minimum term of 240 months under § 841(b)(1)(A). The mandatory minimum sentence exceeded the highest term of imprisonment to which the defendant would have been sentenced under the sentencing guidelines (in the ab-sence of the statutory minimum under § 841(b)(1)(A)) given the defendant's criminal history (168 to 210 months). The Second Circuit held that, under *Apprendi,* a statutory mandatory minimum sentence specified in either § 841(a)(1)(A) or § 841(b)(1)(B)

> cannot mandate a prison sentence that exceeds the highest sentence to which the defendant would otherwise have been exposed (i.e., the top of the federal Guideline range, based on district court findings under the Guidelines, with or without a departure) if the applicability of subsections (A) or (B) depends on a finding of drug quantity not made by the jury.

*Guevara*, 277 F.3d at 118.

In *United States v. Velasco–Heredia,* 319 F.3d 1080(9th Cir.2003), we followed an analysis similar to the Second Circuit's analysis in *Guevara.* At trial, the defendant stipulated that he possessed 17.5 kilos of marijuana. Under § 841(b)(1)(D), the sentence for that quantity was zero to five years. At sentencing, the district court, employing a preponderance of the evidence standard, found the defendant responsible for 285 kilos of marijuana, which triggered a five-year minimum and 40–year maximum sentence under 21 U.S.C. § 841(b)(1)(B)(vii). The relevant guideline provision using this larger quantity of marijuana produced a sentencing range for the defendant of 37 to 46 months. The district court sentenced the defendant to 60 months, concluding that the statutorily required minimum sentence "trumped the Guidelines" under U.S.S.G. § 5G1.1(b). The defendant's sentencing range, as fixed by the court's trial finding, was constitutionally restricted to zero to five years pursuant to § 841(b)(1)(D). Thus, we held that the district court violated *Apprendi* when, as a result of its preponderance finding, it exposed the defendant to five to

forty years. *Velasco–Heredia,* 319 F.3d at 1085. We concluded that even though the actual sentence (60 months) was within the statutory range of the violation for which the defendant had been convicted (zero to five years), the *Apprendi* error was not harmless because the actual sentence was greater than the sentencing guidelines range of 37 to 46 months. *Id.* at 1086.

▮] By contrast, the district court in the present case did *not* utilize the stipulated drug quantity to expose Shimoda to a higher statutory mandatory minimum sentence, or to expose Shimoda to a higher statutory maximum sentence than the sentencing range resulting from the crime charged and the guilty plea: five to 40 years. Shimoda waived the right to have a jury determine the drug quantity when he stipulated to having 3,987.7 grams. *United States v. Silva,* 247 F.3d 1051, 1060 (9th Cir.2000). In fact, because the district court granted the government's requested downward departures, Shimoda escaped application of the statutory mandatory minimum sentence of five years.

We reject Shimoda's argument that the term "statute(s) of conviction," as used in the plea agreement, includes the federal sentencing guidelines. Shimoda has failed to establish that his sentence was determined in violation of *Apprendi.* Shimoda's negotiated plea waiving the right to appeal precludes him from arguing a misapplication of the sentencing guidelines. *United States v. Bolinger,* 940 F.2d 478, 480(9th Cir.1991).

▮ Shimoda's second argument is entirely without merit. The indictment charges, and he pleaded guilty to, posses-sion with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of cocaine." Further, he stipulated to possessing a total of 3,987.7 grams of cocaine. Therefore, we hold that the district court properly calculated his sentence using the higher amount.

Shimoda's 42–months sentence is consistent with the plea agreement. Accordingly, Shimoda's appeal is not within his waiver exception, and thus we dismiss his appeal.[1]

DISMISSED.

---

1. Shimoda claims that his trial counsel provided ineffective assistance by failing to adequately argue that Shimoda's criminal history category significantly over-represented his criminal history and that Shimoda deserved a horizontal departure. Ineffective assistance of counsel is not supported by this record. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).