**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lester FRIEDMAN, Defendant— Appellant.**

No. 00–50076.

D.C. No. CR–98–00697–RMT–01.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 2, 2004.*

Decided March 4, 2004.

Miriam A. Krinsky, Asst. U.S. Atty., Cheryl O'Connor Murphy, USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Olivia W. Karlin, Amy Fan Saint Martin, FPDCA–Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant–Appellant.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

### MEMORANDUM**

Lester Friedman, appeals his conviction and sentencing under 21 U.S.C. § 841(a), (b) for possession with intent to distribute 3167 grams of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Because the parties are familiar with the facts, we do not recount them in detail except as necessary. Because Friedman's case comes before us on direct review, he is entitled to the benefit of *Apprendi*'s rule. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Friedman's argument that 21 U.S.C. § 841(b) is facially unconstitutional under *Apprendi* fails, however, because we construe § 841(b) to permit a jury determination of drug quantity and type. *United States v. Buckland,* 277 F.3d 1173, 1179 (9th Cir.2002) (en banc). In addition, be-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cause drug quantity and type was both charged in the indictment and stipulated at trial, there was no violation of *Apprendi*'s rule as applied. *See United States v. Shimoda,* 334 F.3d 846, 850 (9th Cir.2003).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.