UNITED STATES of America,
Plaintiff—Appellee,

v.

Marvin WOODARD, Defendant—
Appellant.

No. 03–10153.

D.C. No. CR–98–40082–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided May 7, 2004.

Lewis A. Davis, Esq., Office of the U.S. Attorney, Oakland, CA, for Plaintiff-Appellee.

Amitai Schwartz, Esq., Law Offices of Amitai Schwartz, Emeryville, CA, for Defendant-Appellant.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Marvin Woodard appeals his conviction and sentence. The facts are known to the parties, so we do not recite them here. We affirm the district court.

Woodard pleaded guilty to all aspects of Count Two of the second superseding indictment except for the amount of the controlled substance attributable to him. Woodard also waived, to some extent, his rights to appeal. Though the plea agreement could certainly be considerably clearer, the district court clarified at the plea hearing that the agreement waived Woodard's right to appeal, with a limited exception for rulings made in the course of the bench trial, and Woodard and his counsel agreed. Thus, Woodard's waiver of his appellate rights is enforceable.[1] Woodard entered into the agreement knowingly and voluntarily.[2]

Woodard may, therefore, not appeal the district court's determination of drug weight or his sentence, as those final determinations are within the appeal waiver. The question whether the district court properly allowed the government to introduce evidence not in the record of the lead coconspirators' trial is, however, outside the scope of the appeal waiver, as it involves a ruling during trial. We therefore do reach that question.

We reject Woodard's contention that the district court permitted a breach of the terms of the plea agreement by allowing the introduction of the contested evidence.[3] The plea agreement clearly allows the Government to introduce evidence from the lead conspirator's trial. It does not forbid the introduction of other evidence. The district court clarified this fact to Woodard and offered, instead of enforcing the agreement, to begin the bench trial anew, under the usual evidentiary rules.

---

1. See United States v. Shimoda, 334 F.3d 846, 848 (9th Cir.2003) (stating that whether an appellant has waived his statutory right of appeal is a question of law reviewed de novo ).

2. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996).

3. See United States v. Quach, 302 F.3d 1096, 1100 (9th Cir.2002) (stating that a district court's interpretation of the terms of a plea agreement is reviewed de novo ).

When Woodard declined this offer, the district court properly considered the evidence before it.

Woodard challenges the sufficiency of the evidence for his conviction and the chain of custody of the controlled substances attributed to him. We do not reach those questions, however, as they are within the scope of the appeal waiver.

For the foregoing reasons, we affirm the district court.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.