UNITED STATES of America,
Plaintiff–Appellee,

v.

Lawayne HORNE, aka Little E.P.,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert Leonard Wood, aka Shorty
Mac, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert Leonard Wood, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Steven Troy Hicks, Defendant–
Appellant.

Nos. 03–50365, 03–50366,
03–50367, 03–50460.
D.C. No. CR–02–00625–MJL, CR–02–
00624–MJL, CR–02–00625–MJL,
CR–02–00625–MJL–03.

United States Court of Appeals,
Ninth Circuit.

Argued * and Submitted Nov. 3, 2004.

Decided Dec. 1, 2004.

---

* Argued as to Lawayne Horne only. The appeals of Robert Leonard Wood and Steven Troy Hicks were submitted without oral argument. Fed. R.App. P. 34(a)(2).

Linda A Frakes, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kenneth J. Troiano, Esq., Ezekiel E. Cortez, Esq., San Diego, CA, for Defendants–Appellants.

Steven Troy Hicks, San Diego, CA, pro se.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lawayne Horne, Robert Leonard Hood, and Steven Hicks appeal their convictions for conspiracy to distribute cocaine and cocaine base. 18 U.S.C. §§ 846, 841(a)(1). We affirm as to Horne and dismiss as to Wood and Hicks.

(1) Horne asserts that his rights under the Speedy Trial Act were violated. *See* 18 U.S.C. §§ 3161–3174. We disagree. It is true that he was not brought to trial within seventy days of his first appearance at arraignment. *See* 18 U.S.C. § 3161(c)(1). However, we have carefully reviewed the record, and the periods of delay in this very complicated twelve-defendant case were all properly excluded from the seventy-day calculation. *See* 18 U.S.C. § 3161(h)(1)(F), (h)(7). The delays on account of codefendants' motions (including discovery motions) were reasonable. *See United States v. Messer,* 197 F.3d 330, 336 (9th Cir.1999); *United States v. Butz,* 982 F.2d 1378, 1381–82 (9th Cir. 1993). Moreover, the time while Horne's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

own motion to sever (not to mention his other occasional motions) was pending and unsubmitted was properly excluded. *See Henderson v. United States,* 476 U.S. 321, 326–30, 106 S.Ct. 1871, 1874–77, 90 L.Ed.2d 299 (1986); *United States v. Sutter,* 340 F.3d 1022, 1027–32 (9th Cir.2003); *United States v. Gorman,* 314 F.3d 1105, 1115 (9th Cir.2002); *United States v. George,* 85 F.3d 1433, 1436 (9th Cir.1996); *United States v. Aviles–Alvarez,* 868 F.2d 1108, 1111–13 (9th Cir.1989).

■ (2) Wood waived his right to appeal, and that waiver is enforceable, if it was knowing, voluntary, and accepted in a properly conducted plea hearing under Federal Rule of Criminal Procedure 11. *See United States v. Joyce,* 357 F.3d 921, 922 (9th Cir.2004); *United States v. Shimoda,* 334 F.3d 846, 848 (9th Cir.2003); *United States v. Blitz,* 151 F.3d 1002, 1005–06 (9th Cir.1998); *United States v. Navarro–Botello,* 912 F.2d 318, 321–22 (9th Cir.1990). Our review of the record makes it clear that all of those requirements were met. That requires dismissal of his appeal.

■ (3) Hicks, too, waived his right to appeal, and his waiver is also enforceable.[1] Hicks disputes that on three bases, none of which is persuasive.

■ First, he notes that his plea was part of a package deal. But, while package pleas can raise a special voluntariness concern,[2] they do not by themselves show that a plea was not voluntary. Here, the district court, which was well aware of the package condition, questioned Hicks about his agreement with the specifics of his plea and about his freedom from coercion and the like. *See United States v. Kaczynski,* 239 F.3d 1108, 1115 (9th Cir.2001); *Sanchez v. United States,* 50 F.3d 1448, 1455 (9th Cir.1995). He acknowledged that his plea was voluntarily given. It was.

■ Second, Hicks claims that a psychologist's report, which was submitted at sentencing, should have given the district court reasonable cause to believe that he was legally incompetent to understand and aid in his defense. *See* 18 U.S.C. § 4241(a); *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993); *Chavez v. United States,* 656 F.2d 512, 515–16 (9th Cir.1981). Concomitantly, he says, once the district court saw that report, it should have recognized that the Rule 11 plea colloquy may have been insufficient. We disagree with both assertions. Neither the report, nor any suggestion by counsel, nor Hicks' behavior at the plea hearing and at sentencing, where he was alert and articulate, gave any hint that he was not legally competent, or that the was not behaving in a knowing and intelligent manner. *See Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975); *Douglas v. Woodford,* 316 F.3d 1079, 1094 (9th Cir.2003).

■ Finally, Hicks argues that because the government would have had to prove the amount of drugs ascribed to him beyond a reasonable doubt,[3] he should have

---

1. We note that because none of Hicks' present arguments were presented to the district court, we review for plain error. *See United States v. Vonn,* 535 U.S. 55, 61–63, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002); *United States v. Jimenez–Dominguez,* 296 F.3d 863, 865 (9th Cir.2002).

2. *United States v. Caro,* 997 F.2d 657, 659–60 (9th Cir.1993).

3. *See Blakely v. Washington,* —— U.S. ——, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000); *United States v. Ameline,* 376 F.3d 967, 974 (9th Cir.2004).

been told about that at his Rule 11 hearing. However, even if it was error not to make that explanation at the plea hearing, Hicks admitted under oath that he had distributed the amount ascribed to him, and that satisfies us that no plain error relief · should be available to him. *See United States v. Minore*, 292 F.3d 1109, 1120 (9th Cir.2002).

In fine, Hicks' plea waiver was proper, and we must dismiss his appeal.

AFFIRMED as to Horne; DISMISSED as to Wood and Hicks.