UNITED STATES of America,
Plaintiff—Appellee,

v.

Jerry Earl WEEKS, Defendant—
Appellant.

No. 04–30331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 2005.

Decided Aug. 23, 2005.

Kathleen Louise Bickers, Esq., US Attorneys Office, Portland, OR, for Plaintiff–Appellee.

Thomas E. Price, Esq., Salem, OR, for Defendant–Appellant.

Before: HUG, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Jerry Earl Weeks ("Weeks") appeals his sentence, contending that the district court erred in calculating his base offense level and criminal history category based on facts not found by a jury or admitted to by plea, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He further contends that, for this reason, his waiver of the right to appeal does not apply.

Because a waiver of the right to appeal deprives this court of jurisdiction, *see United States v. Joyce*, 357 F.3d 921, 922, 925 (9th Cir.2004), we must first determine whether we lack jurisdiction. We retain jurisdiction to determine the validity and enforceability of a waiver of the right to appeal. *See United States v. Portillo–Cano*, 192 F.3d 1246, 1250 (9th Cir.1999).

## Background

Weeks was charged with a single count of possession with intent to distribute cocaine base in an amount greater than five grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). No prior conviction was alleged.

Weeks pled guilty pursuant to a plea agreement, which stated, in relevant part:

> The parties agree that defendant's relevant conduct pursuant to USSG §§ 1B1.3 and 2D1.1(a) is a total of 52 grams of cocaine base for an offense level of 32 unless the defendant is deemed to be a career offender pursuant to USSG § 4B1.1(B) in which case his offense level will be 34 because defendant is subject to a maximum sentence greater than twenty five years.

The plea agreement also provides that "Defendant waives the right to appeal from the conviction and sentence unless the sentence imposed exceeds the statutory maximum or the court imposes an upward departure from the applicable guidelines range."

At sentencing, the district court concluded that the career offender enhancement, U.S.S.G. § 4B1.1, applied. It also found that criminal history Category VI was "[c]learly appropriate ... given his five prior drug distribution convictions and roughly 25 points in his criminal history."

Finding that the sentencing range was 188 to 235 months, the district court sentenced Weeks to a 188–month term of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

imprisonment and four years' supervised release. This timely appeal followed.

### Standard of Review

We review the district court's interpretation of the Sentencing Guidelines and its determination that the defendant is a career offender de novo. *United States v. Kovac*, 367 F.3d 1116, 1118 (9th Cir.2004). Whether an appellant has waived his statutory right to appeal is a matter of law reviewed de novo. *Joyce*, 357 F.3d at 922 (citing *United States v. Shimoda*, 334 F.3d 846, 848 (9th Cir.2003)).

### Analysis

Weeks does not challenge the validity of his waiver. Rather, he contends that the waiver of his right to appeal does not apply because the sentence imposed exceeds the statutory maximum under *Apprendi* and *Booker*. Thus, to determine whether the waiver applies, we must decide whether the sentence imposed exceeds the "statutory maximum." [1]

### I. Career Offender Determination

Weeks argues that the application of the career offender enhancement under U.S.S.G. § 4B1.1 violates the Sixth Amendment as interpreted by *Apprendi* and *Booker* and therefore exceeds the statutory maximum penalty because the increase was based on facts that were not alleged in the indictment and were not found by a jury beyond a reasonable doubt or specifically admitted to by plea. He further argues that the sentence exceeded the statutory maximum because the criminal history points were based on the prior convictions set forth in the Pre–Sentence Investigation Report ("PSR") and not found by a jury.

We recently held in *United States v. Von Brown*, 417 F.3d 1077, 2005 WL 1863280 (9th Cir. Aug.8, 2005), that enhancing a defendant's sentence under § 4B1.1 does not violate the Sixth Amendment. *Id.* at 1078. We explained that the § 4B1.1 enhancement is based solely upon the "fact of prior conviction," for which *Booker* and *Apprendi* expressly provide an exception. *Id.* at 1078.

Similarly, we also have held that a criminal history determination based on prior convictions does not violate *Apprendi*. See *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir.2002) ("*Apprendi* expressly excludes recidivism from its scope. Defendant's criminal history need not be proved to a jury beyond a reasonable doubt."). The Supreme Court's subsequent decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Booker*, 125 S.Ct. at 755–56, "do[ ] not upset the rule that *Apprendi* ... carves out an exception for proving the fact of a prior conviction." *Von Brown*, 417 F.3d at 1078.

 For these reasons, a criminal history determination based on prior convictions does not violate the Sixth Amendment, as interpreted by *Apprendi* and *Booker*.

### II. Waiver of Right to Appeal

 Weeks' waiver of his right to appeal applies, by its own terms, "unless the

---

1. As used in this pre-*Booker* plea agreement, "statutory maximum" most likely referred to the maximum sentence permitted by the statute of conviction. In fact, the agreement states that "[t]he maximum sentence is forty years imprisonment." On appeal, Weeks argues that "statutory maximum" means some-thing else—that its meaning must be limited by the *Apprendi-Booker* line of cases. As our analysis below shows, however, we need not decide this question because, even under a restrictive reading of "statutory maximum," we reject Weeks' argument.

sentence imposed exceeds the statutory maximum or the court imposes an upward departure from the applicable guideline range." Because Weeks' sentence does not exceed the statutory maximum—either for Sixth Amendment purposes or as defined by the parties themselves—we conclude that the waiver of appeal applies. We therefore lack jurisdiction over this appeal. Accordingly, Weeks' appeal is

**DISMISSED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.