**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Paul J. EVANS, Defendant—Appellant.**

**No. 04–30447.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Submission Withdrawn Dec. 14, 2005.

Resubmitted March 17, 2006.

Decided March 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Katherine Jill Bolton, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Richard A. Smith, Esq., Smith Law Firm, Yakima, WA, for Defendant–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Paul Evans appeals the district court's denial of his motion to suppress evidence obtained during a search of his residence. Evans also requests that this court remand his case for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

■ Evans contends that Special Agent Sara Bay's affidavit, filed in support of her application for a search warrant of Evans's residence, did not provide probable cause to support the issuance of the search warrant; that the information in the affidavit was stale; and that the warrant was overbroad.

Agent Bay's affidavit gave sufficient facts to support the magistrate judge's issuance of the warrant.[1] The affidavit stated that an individual with the username *jakirabbit* uploaded multiple images depicting child pornography to the Yahoo! internet group "fantazyland." The IP address for *jakirabbit* "appeared to be accessed" from the Yakima, Washington area, which includes Evans's residence in Selah, Washington. Further, the individual using the *jakirabbit* username provided an address of Yakima, Washington; a zip code that includes Selah; and an alternate email address of *welcome2myworld@msn.com*. The *welcome2myworld* account was registered to Evans and accessed from his telephone line, and Agent Bay stated that based on her training and experience, as well as her discussions with other law enforcement agents trained in the investigation of computer-related child pornography crimes, "if an alternate email account is provided, individuals usually provide their own." The magistrate judge could permissibly conclude that there was a fair probability that evidence of the distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) would be found at Evans's residence. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Gourde*, 440 F.3d 1065, 1068–70 (9th Cir. 2006) (en banc).

■ The information in Agent Bay's affidavit was not impermissibly stale. In September 2003, Yahoo! reported to the National Center for Missing and Exploited Children that the user *jakirabbit* had uploaded images of child pornography. Agent Bay filed her Application and Affidavit for Search Warrant on January 20, 2004, four months after Yahoo! made its report. In her affidavit, Agent Bay ex-

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review for clear error whether the magistrate judge had a substantial basis for concluding probable cause existed and thus accord "great deference" to the magistrate's determination of probable cause. *See United States v. Meek*, 366 F.3d 705, 712 (9th Cir. 2004).

plained why evidence of the uploads would still be in Evans's residence, stating that from her "experience and conversations with other law enforcement personnel," she had learned that "individuals involved in the sexual exploitation of children through child pornography rarely, if ever, dispose of their sexually explicit material." *See United States v. Lacy,* 119 F.3d 742, 745–46 (9th Cir.1997). It was reasonable for the magistrate judge to infer that Yahoo! reported the upload of images close to the time when the upload occurred. *See Gates,* 462 U.S. at 240, 103 S.Ct. 2317.

The affidavit supported the scope of the search warrant.[2] The warrant was limited to evidence of the distribution of child pornography, and probable cause supported the search of Evans's residence for such evidence. *See United States v. Rabe,* 848 F.2d 994, 997–98 (9th Cir.1988). The warrant set objective standards to guide the officers' search: all seized items had to be connected to violations of 18 U.S.C. § 2252(a)(2) and related to child pornography or to the use of the computer. We conclude that the warrant was not overbroad.

## II

▮ Evans next asserts that the district court improperly conducted the *Franks* hearing because the Government was allowed to question Agent Bay on matters not included in the affidavit. The district court granted Evans's request for a *Franks* hearing for the sole purpose of examining the connection between the *jakirabbit* and *welcome2myworld* accounts.

Agent Bay testified regarding this connection, and her testimony was proper and within the scope of the hearing. The district court did not err in finding that information Agent Bay omitted from her affidavit was immaterial to the magistrate's determination that there was probable cause to search Evans's residence. *See Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

## III

▮ Evans's contention that we must remand his case for resentencing lacks merit.[3] Evans knowingly and voluntarily entered into a plea agreement in which he waived his right to appeal his sentence as long as the sentence was "no greater than 70 months." The district court sentenced Evans to 70 months. Thus, Evans is bound by the terms of the agreement, and we reject his request for a remand for resentencing. *United States v. Cortez–Arias,* 403 F.3d 1111, 1114 n. 8 (9th Cir.), *amended by* 415 F.3d 977 (9th Cir.) *and by* 425 F.3d 547, 548 (9th Cir.2005).

**AFFIRMED.**

---

**2.** We review de novo whether a warrant is sufficiently specific. *United States v. Noushfar,* 78 F.3d 1442, 1447 (9th Cir.1996); *see also United States v. Spilotro,* 800 F.2d 959, 963 (9th Cir.1986).

**3.** We review de novo whether a defendant has waived his or her statutory right to appeal by plea agreement. *United States v. Shimoda,* 334 F.3d 846, 848 (9th Cir.2003).