Marvin WOODARD, Petitioner,

v.

Bobby G. COMPTON, Respondent.

No. CV 07–3450–MMM (RC).

United States District Court,
C.D. California.

Jan. 11, 2008.

Marvin Woodard, Lompoc, CA, Pro se.

Sandy Nunes Leal, AUSA-Office of U.S. Attorney, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MARGARET M. MORROW, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; (3) the Court declines to exercise jurisdiction over the two claims petitioner seeks to add to his habeas corpus petition, and petitioner's request to amend his petition to add those claims is denied; and (4) Judgment shall be entered denying the petition for writ of habeas corpus and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

### JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that the petition for writ of habeas corpus is denied and the action is dismissed with prejudice.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Margaret M.

Morrow, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On August 24, 2001, petitioner Marvin Woodard pleaded guilty to, and was convicted of, one count of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846. *United States v. Woodard*, District Court for the Northern District of California case no. CR–98–40082–22–DLJ ("Woodard I").[1] The petitioner was sentenced to 120 months imprisonment and a 5–year term of supervised release. The petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals, which affirmed the judgment in an unpublished opinion filed May 7, 2004. *United States v. Woodard*, 97 Fed.Appx. 131 (9th Cir.), *cert. denied*, 543 U.S. 912, 125 S.Ct. 119, 160 L.Ed.2d 193 (2004).

### II

On June 2, 2006, while petitioner was confined at the Federal Correctional Institution at Sheridan, Oregon ("FCI–Sheridan"), he filed a habeas corpus petition in the District Court for the District of Oregon challenging the Bureau of Prisons' ("BOP") administration of the Residential Drug Abuse Program ("RDAP"). *Woodard v. Daniels*, District Court for the District of Oregon case no. CV 06–786–HA ("Woodard II").[2] On July 23, 2007, Wood-

ard II was dismissed without prejudice for lack of jurisdiction; however, on August 16, 2007, the dismissal was vacated, and Woodward II was reinstated and consolidated with another case raising the same issues, *Thurman v. Daniels*, District Court for the District of Oregon case no. CV 06–1400–HA, which is currently pending.

### III

On May 25, 2007, petitioner, currently incarcerated in the Federal Correctional Institution at Lompoc, California ("FCI–Lompoc"), filed the pending habeas corpus petition under 28 U.S.C. § 2241, which raises the following three claims:

Ground One—Petitioner has been subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was placed in administrative detention in the Special Housing Unit for 13 days, causing him "not [to] be placed in the RDAP class based on release date";

Ground Two— "The BOP polcy [sic] in regard to the Administrative detention does not show whether they [sic] comply with the . . . notice and comment Provision of the [Administrative Procedures Act ("APA") ]"; and

Ground Three—Petitioner was denied due process of law when he was not selected for an RDAP class because he was in the SHU, although he was on the waiting list. Petition at 3–4.

On July 30, 2007, following the dismissal of Woodard II, petitioner filed a motion for leave under "Rule 15(b)" "to add the issues [he] raised in Oregon to [his] petition pending [before] this Court,"[3] and that

---

**1.** Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of the documents in Woodard I.

**2.** Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of the documents in Woodard II.

**3.** The claims petitioner seeks to add are: (1) "whether the BOP can treat an inmate thats

motion is pending. On September 14, 2007, respondent filed an answer to the habeas corpus petition, the supporting declaration of Tennille Warren ("Warren Decl.") with exhibits, and an opposition to petitioner's motion to amend the habeas petition. On October 3, 2007, petitioner filed a reply to the answer and a reply to respondent's opposition to his motion to amend the habeas petition.

## DISCUSSION

### IV

The petitioner seeks to amend his habeas corpus petition to add two new claims under Rule 15 of the Federal Rules of Civil Procedure,[4] which applies to habeas corpus petitions, as well as other pleadings. *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005); *see also In re Morris*, 363 F.3d 891, 893 (9th Cir.2004) (" 'Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.' " (citations omitted)). Here, petitioner filed his motion to amend his habeas corpus petition before respondent answered the petition; therefore, under Rule 15(a), petitioner could amend his petition without leave of this Court. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 n. 3 (9th Cir.2000). Nevertheless, "the right to amend as a matter of course is not absolute." *Crestview Village Apartments v. United States Dep't of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir.2004); *Perkins v. Silverstein*, 939 F.2d 463, 471–72 (7th Cir.1991). Rather, "a district court need not permit the filing of an amended [petition], even when

no responsive pleading has been filed, when examination of the proposed [petition] makes clear that it . . . is doomed not to survive a motion to dismiss." *Duda v. Bd. of Educ. of Franklin Park Pub. School Dist.*, 133 F.3d 1054, 1057 n. 4 (7th Cir. 1998); *Crestview Village Apartments*, 383 F.3d at 558.

Here, the parties agree the claims petitioner seeks to add to his habeas corpus petition are duplicative of the claims he is raising in Woodard II, which is currently pending in the District of Oregon. *See* Motion at 2:1–2; Gov't Oppo. at 4:9–5:3. As such, this Court may decline to exercise jurisdiction over the two claims petitioner seeks to add to his habeas petition, *see Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir.2000) ("The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district."); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982) (same), and it does so here. Therefore, petitioner's motion to amend his habeas corpus petition should be denied.

### V

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), which, *inter alia*, directed the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for a prisoner to participate in substance abuse treat-

---

[sic] eligible for a sentence reduction under 18 U.S.C. [§ ] 3621(e) the same as an inmate who is ineligible for a sentence reduction" under RDAP; and (2) whether a "release date must be consider[ed] when placing an inmate into the [RDAP]." Motion at 2:2–7.

4. Although petitioner erroneously cites Rule 15(b) to support his motion, the Court will consider petitioner's motion to be under Rule 15(a), which provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed.R.Civ.P. 15(a).

ment while in custody, Congress provided that "[t]he period a prisoner convicted of a nonviolent offense [5] remains in custody after successfully completing a treatment program **may** be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B)(emphasis and footnote added). "This discretionary language grants the BOP broad discretion to grant or deny the one-year reduction." *McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999), *cert. denied*, 528 U.S. 1086, 120 S.Ct. 814, 145 L.Ed.2d 685 (2000); *Jacks v. Crabtree*, 114 F.3d 983, 984 (9th Cir.1997), *cert. denied*, 523 U.S. 1009, 118 S.Ct. 1196, 140 L.Ed.2d 325 (1998). "When an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, ... to reduce his term of imprisonment." *Lopez*, 531 U.S. at 241, 121 S.Ct. at 722.

"In addition to granting the BOP discretion to keep prisoners in custody, the statute confers upon the BOP authority to administer and design multiple treatment programs." *McLean*, 173 F.3d at 1182. Under this authority, the BOP has established the RDAP, which requires "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period. Inmates [also] ... shall be required to complete subsequent transitional services programming...." 28 C.F.R. § 550.56. As the BOP explains:

> The entire [RDAP] in the [BOP] consists of three components. Successful completion of the [RDAP] occurs when the inmate has successfully completed each of these three components: [¶] the unit-based residential program lasting between six–to–12 months (minimum 500 hours); [¶] the institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program (however, if an inmate is scheduled for a transfer to a community-based program before he or she can begin or complete the institution transitional services component, this component is not required); and [¶] the community transitional services, lasting up to six months when the inmate is transferred to a community corrections center or to home confinement.

Program Statement 5330.10, § 5.2.1.

■ In Grounds One and Three, petitioner claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, and was denied due process of the law, when he was not admitted to the RDAP class beginning April 24, 2007, since he was in administrative detention at the time. Petition at 3–4. There is no merit to either of these claims.

As an initial matter, the facts show, and it is not disputed, that petitioner was transferred from FCI–Sheridan to FCI–Lompoc on March 1, 2007, and he was placed in SHU or administrative detention at FCI–Lompoc on April 9, 2007, and remained in that detention until released into the general population on May 1, 2007. Warren Decl. ¶¶ 3–4, Exh. B. Further, "[a]s petitioner was in the SHU when [the

---

**5.** "The measure thus categorically denies early release eligibility to inmates convicted of violent offenses." *Lopez v. Davis*, 531 U.S. 230, 238, 121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001).

April 24, 2007] RDAP class started he was not available to participate. When selecting inmates for RDAP classes, drug treatment staff run a roster of all waiting RDAP eligible inmates. As petitioner was not in the general population, his name did not appear on the roster." Warren Decl. ¶ 8. After petitioner "was released from SHU, he was placed in the next available class" for the residential phase of the RDAP on June 26, 2007, and petitioner is expected to be released on September 21, 2008. Warren Decl. ¶¶ 4, 6–8, Exh. B.

■ A prisoner has "no constitutional or inherent right ... to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Bergen v. Spaulding,* 881 F.2d 719, 721 (9th Cir.1989). Thus, petitioner's disappointment at not being placed in an earlier RDAP class "does not offend the standards of decency in modern society" and does not violate the Eighth Amendment. *Baumann v. Arizona Dep't of Corrs.,* 754 F.2d 841, 846 (9th Cir.1985); *see also Robinson v. Gonzales,* 493 F.Supp.2d 758, 764 (D.Md.2007) (denying Eighth Amendment claim based on allegedly improper denial of early release under RDAP); *Hillstrom v. Morris,* 1996 WL 568842, *4 (D.N.J.) (denying Eighth

Amendment claim challenging placement of inmate in 12–month RDAP, rather than 9–month RDAP, since "in no way can the longer treatment program be viewed as a form of punishment").

■ Similarly, petitioner does not have a successful due process claim since " '[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake[,]' " and RDAP "does not create a liberty interest in sentence reduction." *McLean,* 173 F.3d at 1184 (quoting *Schroeder v. McDonald,* 55 F.3d 454, 462 (9th Cir.1995)); *see also Jacks,* 114 F.3d at 986 n. 4 ("Not only is section 3621(e)(2)(B) written in nonmandatory language, but denial of the one-year reduction doesn't 'impose [ ] a typical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' ... In fact, denial merely means that the inmate will have to serve out his sentence as expected.").

## VI

In Ground Two, petitioner claims "[t]he BOP polcy [sic] in regard to the Administrative detention does not show whether they [sic] comply with the ... notice and comment Provision of the APA." [6] Petition at 3. However, petitioner does not identify any specific policy he claims violates the APA,[7] and his "conclusory allegations," which "are not supported by a statement of specific facts do not warrant habeas

---

**6.** "A regulation is invalid if the agency fails to follow procedures required by the [APA]." *Buschmann v. Schweiker,* 676 F.2d 352, 355–56 (9th Cir.1982). The APA requires an agency to: (1) publish notice of a proposed rule in the Federal Register no less than 30 days before the rule's effective date; and (2) provide an opportunity for the public to comment on the rule. 5 U.S.C. § 553. Notice of a proposed rule must include: (1) "a statement of the time, place, and nature of public rule making proceedings;" (2) "reference to the legal authority under which the rule is proposed;" and (3) "either the terms or sub-

stance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b). The APA applies to substantive rules, which are those rules that "impose new rights or obligations by changing an existing law," *Gunderson v. Hood,* 268 F.3d 1149, 1154 (9th Cir.2001), but not to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice...." 5 U.S.C. § 553(b)(3)(A).

**7.** In a memorandum of points and authorities ("Memo.") filed concurrently with his habeas corpus petition, petitioner cites BOP Program

relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir.), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994); *Jones v. Gomez*, 66 F.3d 199, 204–05 & n. 1 (9th Cir.1995), *cert. denied*, 517 U.S. 1143, 116 S.Ct. 1437, 134 L.Ed.2d 559 (1996).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; (3) declining to exercise jurisdiction over the two claims petitioner seeks to add to his habeas corpus petition, and denying petitioner's request to amend his petition to add those claims; and (4) directing that Judgment be entered denying the petition and dismissing the action with prejudice.

statement 5270.07. Memo, at 6. Although "[p]rogram statements are supposed to be interpretive, . . . that does not mean that they always are [and][t]he label an agency attaches to its pronouncement is clearly not dispositive." *Gunderson*, 268 F.3d at 1154 n. 27. Nevertheless, petitioner does he challenge any specific provision of the Program Statement. Rather, he complains that, despite Program Statement 5270.07, the BOP has not promulgated any policy establishing a time frame to return an inmate accused of violating prison rules back to the general population once he has been cleared of any wrongdoing. Memo. at 6. Therefore, petitioner's reference to Program Statement 5270.07 in his memorandum does not make Ground Two nonconclusory or a statement of specific facts.