FILED

JUL 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10070 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-01587-DCB |
| v. | |
| DENIS JOEL CALIX-GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Daniel L. Hovland, District Judge, Presiding

Argued and Submitted July 11, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

Denis Joel Calix-Gonzalez appeals from the 70-month sentence imposed

following his guilty-plea conviction for illegal reentry after deportation in violation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

of 8 U.S.C. § 1326(a), with a sentencing enhancement under 8 U.S.C. § 1326(b). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

Calix contends that the appeal waiver in his plea agreement is unenforceable. After careful de novo review, we enforce the appeal waiver. *See United States v. Shimoda*, 334 F.3d 846, 848 (9th Cir. 2003) (whether an appellant has waived his right to appeal is a question of law that we review de novo).

A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). We are satisfied that Calix's argument on appeal falls within the scope of the waiver and that Calix entered into both the plea agreement and the appeal waiver knowingly and voluntarily, as demonstrated by the express language of the plea agreement waiving his right to appeal any aspect of his sentence, and by the transcript of the change of plea hearing showing that the court complied with Federal Rule of Criminal Procedure 11, including an admonishment regarding the appeal waiver.

A portion of the district court's comments made at the sentencing hearing explaining his right to appeal are ambivalent but, contrary to Calix's contention, do

not invalidate the appeal waiver. *See United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998). We therefore enforce the waiver and dismiss the appeal.

**DISMISSED.**