**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50132 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00012-DOC-1 |
| v. | |
| VICTOR MARIN VICTORIO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 21, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,[***] District Judge.

Appellant Victor Victorio was convicted of conspiracy to distribute

methamphetamine, in violation of 21 U.S.C. § 846, following a jury trial before the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

district court.  He appeals his sentence of 292 months of incarceration followed by ten years of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Victorio's only claim is that the district court erred by relying upon a stipulation regarding drug quantity and type at sentencing.  Victorio acknowledges that his counsel agreed to the stipulation, and that neither he nor his counsel objected to the stipulation at any point before the district court.  But he argues that the district court should have inquired as to whether he personally understood and assented to the stipulation because he did not sign it or otherwise affirmatively demonstrate assent.

His argument is foreclosed by *United States v. Ferreboeuf*, 632 F.2d 832 (9th Cir. 1980).  In *Ferreboeuf*, this court held that "when a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney.  Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation." *Id.* at 836.  In this case, Victorio does not dispute that the stipulation was (1) entered into the record in open court, (2) in his presence, and (3) agreed to by his counsel.

And he makes no claim that he objected to the stipulation at any point before the district court. *Ferreboeuf* is thus directly on point, and Victorio's claim fails.

Victorio's attempts to get around *Ferreboeuf* are unpersuasive. Contrary to his suggestion, *Ferreboeuf* was not abrograted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005) (citing *Ferreboeuf* with approval post-*Apprendi*). *Apprendi* broadened the class of disputed facts that must be decided by a jury; it does not apply when a defendant waives the right to have a particular fact determined by the jury via stipulation. *See United States v. Shimoda*, 334 F.3d 846, 849-50 (9th Cir. 2003); *see also United States v. Silva*, 247 F.3d 1051, 1060 (9th Cir. 2001). And Victorio's frequent objections before, during, and after trial do not distinguish the facts of this case from *Ferreboeuf*. To the contrary, Victorio's general disinclination to agree with the government made it all the more reasonable for the district court to interpret his silence as agreement with the contents of the drug stipulation.

Even assuming Victorio could distinguish *Ferreboeuf*, he cannot show that any error in this case was "plain." Among other things, an error must be "clear or obvious" in order to be plain. *United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012). Victorio has not cited a single case, and we have not found one,

3

that stands for the proposition that a stipulation as to a crucial fact is invalid if not personally signed or agreed to by a criminal defendant.  Therefore, any error in this case was not plain.

**AFFIRMED.**