**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Herbert GREEN, Defendant–Appellant.**

No. 06–50069.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Aug. 4, 2009.

Becky S. Walker, Esq., Timothy J. Searight, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, HALL, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Herbert Green pleaded guilty before trial to one count of conspiracy to manufacture and distribute phenylcyclohexylpiperidine ("PCP"). Green appeals the denial of co-defendant Rodrick Reed's wiretap suppression motions,[1] in which he joined. We dismiss Green's appeal, because the issues raised in his brief do not fall within the limited right to appeal reserved in his plea agreement. *See United States v. Chon,* 210 F.3d 990, 995 (9th Cir.2000) (holding claims not expressly reserved in writing in a conditional guilty plea are waived on appeal).

■ "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Joyce,* 357 F.3d 921, 922–23 (9th Cir.2004). Per Green's plea agreement, he waived his right to appeal his conviction and sentence generally and reserved only a limited right to appeal the denial of the "supplementary wiretap suppression motion filed on October 19, 2004, but the appeal is limited to the 'warrantless wiretap' issue raised by co-defendant [Rodrick] Reed in that supplementary motion." Reed's "supplementary" motion alleged that officers (1) illegally intercepted calls from cellular telephone for which there was no court order, (2) transferred the illegally intercepted calls to the wireroom to make the call appear to be legally intercepted, and (3) colluded with the telephone company to conceal the illegal act. Green does not raise this issue on appeal.[2] Instead, Green argues that the district court erred in not suppressing the wiretap evidence, because (1) the government failed to show necessity; (2) the wiretap was not properly monitored by federal agents; and (3) there was an unjustified delay in sealing the wiretap recordings. These issues do not fall within the terms of the plea agreement and are therefore waived. *See Chon,* 210 F.3d at 995.

■ Green makes no argument that his plea agreement and appeal waiver were invalid, but in any event the record clearly shows that Green's waiver of his appellate rights was knowing and voluntary. *See United States v. Bolinger,* 940 F.2d 478, 478 (9th Cir.1991) (holding waiver of right to appeal is valid if it was knowingly and voluntarily made). Green was advised of the rights he was waiving, including the right to appeal his conviction. He indicated that he had discussed the matter with his attorney and expressed his understanding and decision to give up those rights. His attorney affirmed that his client had been fully informed about the conditions of the plea agreement. The district court also expressly found that Green's plea was "voluntarily made with full knowledge of the charges against him and the consequences of his guilty plea." Therefore, our

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *United States v. Reed,* No. 06–50040, *United States v. Williams,* No. 06–50048, *United States v. Johnson,* No. 06–50302, 575 F.3d 900, and *United States v. Jackson,* 342 Fed. Appx. 299 (9th Cir.2009) were companion cases to this appeal but are decided separately.

2. Even if we construed Green's appeal to encompass the specific issue he reserved in his plea agreement, we note that we have rejected the merits of the "warrantless wiretap" issue in our opinion in the companion case. *See United States v. Reed,* 575 F.3d 900, 907, 913 (9th Cir.2009).

"inquiry into the waiver's validity is at an end; the valid waiver bars [Green's] ... challenges to his conviction ... and we must dismiss the appeal." *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000) (citation omitted); *see also United States v. Smith,* 389 F.3d 944, 953 (9th Cir.2004).

**DISMISSED.**