*300 MEMORANDUM **
Terry Jackson pleaded guilty before trial to one count of conspiracy to manufacture and distribute phenylcyclohexylpiperidine (“PCP”). Jackson filed a notice of appeal, but Jackson’s attorney subsequently filed a motion to withdraw as counsel of record and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there are no grounds for relief. Appellant was allowed time to file a pro se brief, but did not do so.[1] Because our review of the Anders brief and our independent review of the record under Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) reveal no grounds for relief, we affirm the district court’s judgment and grant counsel’s motion to withdraw.
In his brief, Jackson’s counsel addresses several conceivable issues, including (1) whether the district court erred in denying the motion to suppress wiretap evidence; (2) the adequacy of Jackson’s guilty plea and the district Court’s Rule 11 colloquy; and (3) whether the sentence imposed was reasonable. The brief concludes, however, that there are no non-frivolous grounds for relief, because Jackson waived his right to appeal in his plea agreement.
Jackson’s guilty plea generally waives all constitutional claims occurring before the plea. See Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Further, in the plea agreement, Jackson expressly gave up his right to appeal “any sentence imposed by the court,” so long as (1) the sentence was within the statutory maximum, (2) the guidelines range did not depart above 34, and (3) the sentence was within or below the range corresponding to the total offense level and criminal history category. Our review of the record reveals that Jackson was sentenced within the terms of the plea agreement and that he knowingly and voluntarily waived his right to appeal. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).
Jackson also specifically reserved “the right to withdraw his plea of guilty if [co-]defendant [Rodrick] Reed’s Renewed Motion to Suppress Wiretap Evidence is granted by the Court.” We construe this language in Jackson’s plea agreement as a reservation of the “warrantless wiretap” issue raised by Reed in a supplemental motion to suppress. See United States v. Garcia, 522 F.3d 855, 859-60 (9th Cir.2008) (“Plea agreements are contracts between a defendant and the government, and we generally construe ambiguous language in favor of the defendant.”) (quoting United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir.2004)). The “warrantless wiretap” issue involved allegations that officers (1) illegally intercepted calls from a cellular telephone for which there was no court order, (2) transferred the illegally intercepted calls to the wireroom for an authorized wiretap to make the call appear to be legally intercepted, and (3) colluded with the telephone company to conceal the illegal act. However, because we have rejected the merits of the “warrantless wiretap” issue in our opinion in the companion ease, United States v. Reed, 575 F.3d 900, 913 (9th Cir.2009), we conclude that Jackson has no grounds for relief.
*301 Accordingly, we GRANT counsel’s motion to withdraw and AFFIRM the judgment of the district court.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. United States v. Reed, No. 06-50040, United States v. Williams, No. 06-50048, United States v. Johnson, No. 06-50302, 575 F.3d 900, and United States v. Green, 342 Fed.Appx. 301 (9th Cir.2009) are companion cases to this appeal but are decided separately.