FILED

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-10599 |
| Plaintiff - Appellee, | 13-10602 |
| v. | D.C. Nos. 2:12-cr-00389-GMN |
| | 2:12-cr-00447-GMN |
| JOSE SANCHEZ-OSUNA, a.k.a. Jesus Palacios-Burgos; JORGE JAVIER RIVERA LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Jose Sanchez-Osuna, a.k.a. Jorge Javier

Rivera Lopez, appeals from the district court's judgments and challenges the 51-

month sentence imposed following his guilty-plea conviction for being a deported

---

*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326; and the 12-month-and-one-day consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We dismiss Appeal No. 13-10599, and we affirm in Appeal No. 13-10602.

The government contends that these appeals should be dismissed based on the appeal waiver in the parties' plea agreement. We review de novo whether an appellant has waived his right to appeal. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). We dismiss Appeal No. 13-10599 because the waiver covers any appeal of Sanchez-Osuna's within-Guidelines sentence. We decline to dismiss Sanchez-Osuna's challenge to his above-Guidelines revocation sentence, however, because it is not unambiguously encompassed by the language of the waiver. *See id.* at 922-23.

In Appeal No. 13-10602, Sanchez-Osuna first contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors and by failing to explain its reasons for imposing a consecutive revocation sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately considered the section 3583(e) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court

need not tick off each of the [sentencing] factors to show that it has considered them."). Moreover, the reasons for imposing the sentence, including the seriousness of Sanchez-Osuna's breach of trust and the need to deter, are apparent from the record. *See id.* (adequate explanation may be inferred from the record as a whole).

Sanchez-Osuna also contends that the consecutive revocation sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Sanchez-Osuna's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Sanchez-Osuna's criminal and immigration history. *See* U.S.S.G. § 7B1.3(f); *Gall*, 552 U.S. at 51.

**Appeal No. 13-10599 DISMISSED; Appeal No. 13-10602 AFFIRMED.**