**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10457 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00328-JCM-GWF-1 |
| v. | |
| BENIYIHIA HEBBAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 22, 2019**
San Francisco, California

Before: WALLACE and MURGUIA, Circuit Judges, and LASNIK,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Beniyihia Hebbar appeals from a final judgment of criminal conviction and sentence, contending that the district court erred when it denied his motion to withdraw his guilty plea. The government argues that Hebbar knowingly and voluntarily waived his right to this appeal when he entered his guilty plea pursuant to a written plea agreement. We agree with the government and dismiss Hebbar's appeal.

We review *de novo* an appellant's waiver of the right to appeal. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). Waivers of appellate rights in plea agreements are not jurisdictional, *see United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007), but we may afford preclusive effect to Hebbar's waiver if we determine that (1) "the language of the waiver encompasses his right to appeal on the grounds raised," and (2) "the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (quoting *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004)). We have read general waivers of appellate rights to cover all appeals, including appeals from the denial of a motion to withdraw a guilty plea. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Hebbar's written plea agreement contained broad, general waiver language. In particular, the appellate waiver provision provided that Hebbar "knowingly and expressly waive[d] . . . the right to appeal any other aspect of the conviction or

2

sentence[.]" *Id.* Because Hebbar waived "his right to appeal any aspect of his conviction[]," his "appeal from the denial of his motion to withdraw his plea is an appeal from his conviction[]" and the "appellate waiver extends to this appeal." *Rahman*, 642 F.3d at 1259 (internal quotation marks omitted).

Hebbar's plea colloquy transcript reveals that Hebbar knowingly and voluntarily made his plea. After thorough questioning by the district court, Hebbar affirmed under oath that he waived his appellate rights "freely and voluntarily." Hebbar offers no basis "not fully to credit [his] sworn statements in the plea agreement, as well as during the plea colloquy, that he was pleading voluntarily." *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001). And although a district court's failure to provide an extensive Rule 11 colloquy may void an appellate waiver provision, *see United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999), Hebbar's argument that his post-plea discovery vitiates the knowing aspect of his plea goes to whether the district court correctly evaluated the merits of his motion to withdraw his plea, rather than to whether the district court provided an adequate plea colloquy under Rule 11. Accordingly, we will enforce Hebbar's waiver of his appellate rights.

Hebbar also raises several allegations of deficient performance by counsel, but does not clearly articulate an ineffective assistance of counsel claim as a basis for appellate relief. Regardless, the record is neither sufficiently developed, nor

was his legal representation so inadequate that he was obviously denied his Sixth Amendment right to counsel, to permit review of an ineffective assistance claim on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).[1]

**DISMISSED.**

---

[1] Our dismissal is without prejudice to Hebbar's right to raise an ineffective assistance claim in *habeas corpus* proceedings. *See id.*